**GARZA et al. v. RINGOLD et al.**

**No. 2104.**

Court of Civil Appeals of Texas. · Eastland.

Dec. 20, 1940.

Rehearing Denied Jan. 17, 1941.

Conner & Conner, of Eastland, and L. R. Pearson and Beverly S. Dudley, both of Ranger, for appellants.

Frank Sparks, of Eastland, and L. H. Flewellen, of Ranger, for appellees.

FUNDERBURK, Justice.

The Ranger Independent School District brought this suit against A. E. Garza and wife, Louise Garza, E. A. Ringold, Frank Sparks, and John Hassen for recovery of taxes against said Garza and wife· due on Lot 7 in Block 19, of the original town-site of Ranger, Texas, and for foreclosure against all said defendants of a tax lien upon said property. The City of Ranger, County of Eastland and State of Texas were impleaded as nominal defendants (also referred to as interveners) by reason of "their claims for taxes due them" upon the same property. With particular reference to the defendants E. A. Ringold, Frank Sparks and John Hassen it was alleged that "said defendants do, at the time of the filing of this petition, own and claim an interest in the real estate or lands and lots subject to taxation as hereinafter set out"; that is, the same property above mentioned.

The State of Texas, the County of Eastland and the City of Ranger each set up its claim for taxes and for foreclosure of its tax lien. The defendant E. A. Ringold by an alternative plea in cross-action sought to recover against A. E. Garza for a debt and foreclosure of a vendor's lien upon the same property.

In a trial by jury a single issue was submitted, the verdict whereon was to the effect that the property in question was of the reasonable cash market value of $1,950. In addition the court found that A. E. Garza (his wife being acquitted of liability on account of coverture) was liable for taxes, plus interest on said property as follows: (1) To Ranger Independent School District $615.30; (2) To the City of Ranger, $1,193.78; (3) To the State of Texas and County of Eastland, $1,565.21. The award of the recovery of said sums was decreed to each of said parties with foreclosure of tax liens. E. A. Ringold was awarded recovery against A. E. Garza of the sum of· $1,773.71, with· interest, and foreclosure of vendor's lien, subject, however, to the foreclosure decreed in favor of the State and said other municipalities.

The judgment, in part, recites: "It appearing to the court that the purchaser under the sale herein ordered in favor of the plaintiff and interveners, tax units, would acquire such property subject to redemption from such sale and also a stay of writ of possession therefor for two years ·after the date of such sale as pro-

vided by chapter 10, title 122 of Revised Civil Statutes of State of Texas, Vernon's Ann.Civ.St. art. 7319 et seq., relating to the collection of delinquent taxes; and it further appearing to the court that the purchaser under the sale herein ordered in favor of E. A. Ringold would acquire such property subject to the decree herein rendered in favor of plaintiff and interveners, but free from stay of writ of possession or right of redemption from such sale; it is ordered that if the respective judgments herein rendered shall not have been satisfied within twenty days from date of entry hereof, upon application of any party entitled thereto, the clerk of this court shall issue an order of sale directing the sheriff ·or any constable of Eastland County, Texas, to seize and sell the land and premises aforesaid as under execution and as hereinafter set forth."

The manner of sale thus referred to as thereinafter set forth was that the officer making the sale should first offer such property for sale subject to the judgment and decree in favor of the State and the other municipalities, together with the respective rights and remedies thereunder. As to the sale thus decreed it was provided that the proceeds should be applied first to the liquidation of the judgment in favor of E. A. Ringold against A. E. Garza, the balance, if any, to be paid to defendant A. E. Garza. It was provided that the purchaser at such sale should have writ of possession for the property after the expiration of 20 days.

It was next ordered that the officer executing such order of sale should thereupon offer the property for sale subject to stay of writ of possession and right of redemption as provided under chapter 10, title 122 of the Revised Civil Statutes of Texas, etc. As to such second sale, it was provided that the proceeds should be applied to the liquidation and payment pro rata to the several taxing units to the extent of the amount of judgment rendered in favor of each, respectively, with interest and costs. It was ordered that the officer making such sale should in no event sell such property for a less sum than $1,950, adjudged as the value thereof under the verdict of the jury, and recited as being a lessor amount than the aggregate amount of taxes due to the State and other municipalities. It was provided that should such property be sold for $1,950 or more, but less than the full amount of taxes due, that the proceeds should be prorated among the several taxing units in proportion to the amounts awarded each. It was further provided that should the proceeds of such second sale exceed the total amount of taxes due, the excess should be paid to E. A. Ringold and should the proceeds of both such sales be more than sufficient to pay the claims of all parties, the excess should be paid the defendant A. E. Garza.

After the court had overruled their motions for a new trial, the Ranger Independent School District, the State of Texas and County of Eastland, the City of Ranger and A. E. Garza and wife, Louise Garza, appealed.

Appellants A. E. Garza and wife appealed without supersedeas. As to the other appellants, the judgment was superseded only so far as the law attached that effect to their appeals. It may be granted that the judgment insofar as it affected the State of Texas and said municipalities was superseded. In our opinion, the judgment as between E. A. Ringold and A. E. Garza and wife was not superseded.

The question for decision may be stated thus: Is the judgment in decreeing the first sale, considered in the light of the other provisions of the judgment, unwarranted under the pleadings, and prejudicial to the State of Texas and County of Eastland and to the said Ranger Independent School District and the City of Ranger, or either of them?

From the pleadings, the verdict of the jury supplemented by the findings of the court in no way challenged, it is apparent, we think, that the first sale ordered was not in its real nature a sale of the land, but at most a sale of A. E. Garza's right of redemption which continued two years from the date of the sale under foreclosure decreed in favor of the State and said municipalities, together with the right of possession and use of the property for such time. It is apparent that with sale decreed of property of the value of $1,950 to pay judgments aggregating at least $3,374.29, E. A. Ringold, the junior lienor, would be entirely deprived of any security, unless he was substituted to the right of redemption, and the right of possession and occupancy of the land during the two years' time in which the law would not permit the State or said municipalities to have possession of such land, or to own same discharged of the right of redemption. For the court, in effect, to award to Ringold such right of redemption and two years'

possession and occupancy of the property, thus substituting Ringold to the rights of Garza, could, so far as we see, in no way prejudice the other appellants. The effect of the judgment was to award to the State and said other municipalities all the relief to which they were entitled in·any event, and to award to Ringold only the rights of Garza in the property, which, under the law, could in no event inure to said other appellants.

The provisions of the judgment complained of appear to us to afford a rather happy illustration of the utility of equity to effect justice in a situation where the ordinary principles of law may be inadequate. The pleadings of the parties and the prayer for general equitable relief, we think, was full support for the judgment.

It is, therefore, our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.